**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF KANSAS**

**MARQUIS GARRETT,**

**Plaintiff,**

**v.** **CASE NO. 11-3226-SAC**

**Nathan Slief, Correctional Officer, LCMHF, et al.,**

**Defendants.**

**MEMORANDUM AND ORDER**

This pro se civil complaint was filed by an inmate of the Larned Correctional Mental Health Facility, Larned, Kansas (LCMHF) on forms for filing an action pursuant to 28 U.S.C. § 1331.

**COMPLAINT NOT ON PROPER FORMS**

Plaintiff names state employees as defendants. A complaint under § 1331 is for suing employees of the United States such as federal prison guards, and not for suing employees of the State of Kansas. This complaint has been submitted upon the wrong forms. Plaintiff will be sent the proper forms and given time to submit his complaint upon those forms.

The complaint may only be signed by the plaintiff or his lawful representative. The court finds that the complaint as well as the signature of the plaintiff appear to be in the handwriting of another inmate, Mr. Malone. Mr. Garrett is required to place his own signature upon a new complaint submitted upon the correct

forms. It is not legal for Mr. Malone to sign a legal document for someone other than himself, if that is what occurred here. Moreover, a plaintiff is required to sign his complaint.

**FILING FEE NOT SATISFIED**

The filing fee for filing any civil complaint is $350.00, and must be satisfied at the time the complaint is filed. Plaintiff has neither paid the fee nor submitted a motion to proceed without prepayment of fees (IFP) upon court-approved forms. Forms for filing a IFP motion will be sent to plaintiff. Mr. Garrett is forewarned that under 28 U.S.C. §1915(b)(1), being granted leave to proceed without prepayment of fees does not relieve him of the obligation to pay the full amount of the $350.00 fee. Instead, it entitles him to pay the fee over time through payments automatically deducted from his inmate trust fund account as authorized by 28 U.S.C. §1915(b)(2).[1] Furthermore, 28 U.S.C. § 1915 requires that a prisoner seeking to bring a civil action without prepayment of fees submit a "certified copy of the trust fund account statement (or institutional equivalent) for the prisoner for the 6-month period immediately preceding the filing" of the action "obtained from the appropriate official of each prison at which the prisoner is or was confined." 28 U.S.C. § 1915(a)(2). This action may not proceed until plaintiff satisfies

[1] Pursuant to §1915(b)(2), the Finance Office of the facility where plaintiff is currently confined will be authorized to collect twenty percent (20%) of the prior month's income each time the amount in plaintiff's account exceeds ten dollars ($10.00) until the filing fee has been paid in full.

the filing fee in one of these two ways. He will be given time to do so, and is forewarned that if he fails to comply within the time allotted, this action may be dismissed without further notice.

**ALLEGATIONS AND CLAIMS**

As the factual background for his complaint, Mr. Garrett alleges as follows. While he was in cell #105 in "segregation F-1 unit," his hands were slammed in the bean hole, he was called a racist name, and he was not allowed to see the nurse afterward.

As count I, plaintiff claims that he was discriminated against when he was called a racist name.

As Count II plaintiff claims that he was subjected to cruel and unusual punishment in violation of the Eighth Amendment, when he was subjected to excessive force and denied medical treatment.

As Count III, plaintiff claims that other guards have battered him "in ways of discomfortness (sic)."

Plaintiff seeks money damages.

**SCREENING**

Because Mr. Garrett is a prisoner suing State employees, the court is required by statute to screen his complaint and to dismiss the complaint or any portion thereof that is frivolous, fails to state a claim on which relief may be granted, or seeks relief from a defendant immune from such relief. 28 U.S.C. § 1915A(a) and (b). Having screened all materials filed, the court finds the complaint is subject to being dismissed for reasons that

follow.

**STATE OF KANSAS DISMISSED AS IMMUNE**

Under the Eleventh Amendment, the State of Kansas is absolutely immune to suit for money damages, and there is no evidence that the State has waived its immunity in this case. See Pennhurst State Sch. & Hosp. v. Halderman, 465 U.S. 89, 98-100 (1984). Accordingly, this action is dismissed as against this defendant.

**FAILURE TO PROVIDE REQUISITE INFORMATION FOR EACH DEFENDANT**

The only defendants named in the caption of the complaint are "Slief/Ragan/Snell" and State of Kansas. The only defendants for whom the requisite information, such as location and place of employment, are provided in section (2) of the form complaint are Nathan Slief, Correctional Officer I (LCMHF); and to some extent, State of Kansas. Rule 10 of the Federal Rules of Civil Procedure requires that all parties be named in the caption of the complaint. Accordingly, the 4 parties actually named in the caption are considered the only defendants in this case at this time. Plaintiff must include the full name, if known, of each defendant in the caption of his new complaint, and provide the information required as to each defendant in section (2) on the front page (using the back of the page if necessary). Any person that is not named in the caption of the new complaint shall not be treated as a defendant in this case and shall not be served.

**ALLEGATIONS SUGGEST FAILURE TO EXHAUST**

Although plaintiff has marked "yes" in response to the general question regarding exhaustion of administrative remedies on his current form complaint, his description of his efforts indicates that he has submitted two form-9 grievances only. He does not provide "the date of disposition, result, and reasons given for the administrative decision" at the two higher, appellate levels. It thus appears from plaintiff's own allegations that he has not fully exhausted administrative remedies on his claims.

Under 42 U.S.C. § 1997e(a), "a prisoner must exhaust his administrative remedies prior to filing a lawsuit regarding prison conditions in federal court." Id. Section 1997e(a) expressly provides:

> No action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted.

Id. This exhaustion requirement "is mandatory, and the district court [is] not authorized to dispense with it." Beaudry v. Corrections Corp. of Am., 331 F.3d 1164, 1167 n. 5 (10th Cir. 2003), cert. denied, 540 U.S. 1118 (2004); Little v. Jones, 607 F.3d 1245, 1249 (10th Cir. 2010). The "inmate may only exhaust by properly following all the steps laid out in the prison system's grievance procedures." Little, 607 F.3d at 1249 (citing Woodford v. Ngo, 548 U.S. 81, 90 (2006). "An inmate who begins the grievance process but does not complete it is barred from pursuing

a § 1983 claim . . . ." Id. (citing Jernigan v. Stuchell, 304 F.3d 1030, 1032 (10th Cir. 2002)). While failure to exhaust generally is an affirmative defense and a plaintiff is not required to plead it in the complaint, when that failure is clear from materials filed by plaintiff, the court may sua sponte require plaintiff to show that he has exhausted. See Aquilar-Avellaveda v. Terrell, 478 F.3d 1223, 1225 (10th Cir. 2007)(acknowledging district courts may raise exhaustion question sua sponte, consistent with 42 U.S.C. § 1997e(c)(1) and 28 U.S.C. §§ 1915 and 1915A, and dismiss prisoner complaint for failure to state a claim if it is clear from face of complaint that prisoner has not exhausted administrative remedies).

The Kansas Department of Corrections makes a four-step grievance procedure available to its inmates, which must begin with an attempt at informal resolution, and thereafter proceed through three "levels of problem solving." KS ADC 44-15-101, -102. The second level is a grievance submitted to a Unit Team member. KS ADC 44-15-101(d). Next, the inmate may appeal to the Warden, and ultimately to the Secretary of Corrections. Id.

Accordingly, the court finds that plaintiff's civil complaint is subject to being dismissed without prejudice pursuant to 28 U.S.C. §§ 1915A, 1915(e)(2)(B)(ii), and 42 U.S.C. § 1997e(c)(1), based on plaintiff's failure to exhaust available administrative remedies prior to filing this action. Plaintiff is given time to show cause why this action should not be dismissed due to his failure to exhaust. If he does not show good cause within the time allotted, this action may be dismissed without

further notice.

**FAILURE TO STATE A CLAIM**

**1. Discrimination Claim**

Plaintiff's allegations that he was call a racist name, taken as true, fail to evince a federal constitutional violation. While the court does not condone a prison official's unprofessional conduct in calling a black inmate a racist name, such verbal abuse does not give rise to a cause of action under the federal Constitution. Accordingly, plaintiff's claim of discrimination based upon these allegations is subject to being dismissed.

**2. Excessive Force Claim**

In the body of the complaint, plaintiff names "Nathan Slief, CO I; Ragan, CO II; and Snells CO I, and states that they refused to allow him to see the nurse after slamming his hands in the bean hole. However, he does not provide the date of this incident. Nor does he describe any of the circumstances that led to his hand being in the bean hole and its being slammed. In addition, he fails to describe any injury to his hand that was "sufficiently serious" to require immediate medical attention.

The United States Supreme Court has held that an inmate advancing a claim of cruel and unusual punishment based on denial of medical care must establish "deliberate indifference to serious medical needs." Estelle v. Gamble, 429 U.S. 97, 106 (1976); Boyett

v. County of Washington, 282 Fed.Appx. 667, 672 (10th Cir. 2008)(citing Mata v. Saiz, 427 F.3d 745, 751 (10th Cir. 2005)). The "deliberate indifference" standard has two components: "an objective component requiring that the pain or deprivation be sufficiently serious; and a subjective component requiring that [prison] officials act with a sufficiently culpable state of mind." Miller v. Glanz, 948 F.2d 1562, 1569 (10th Cir. 1991); Martinez v. Garden, 430 F.3d 1302, 1304 (10th Cir. 2005); Boyett (citing Self at 1230-31; see also Mata, 427 F.3d at 751)). In the objective analysis, the inmate must show the presence of a "serious medical need," that is, "a serious illness or injury." Estelle, 429 U.S. at 104, 105; Farmer v. Brennan, 511 U.S. 825, 834 (1994). A medical need is sufficiently serious if it "has been diagnosed by a physician as mandating treatment or . . . is so obvious that even a lay person would easily recognize the necessity for a doctor's attention." Boyett (citing Sealock, 218 F.3d at 1209 (quoting Hunt v. Uphoff, 199 F.3d 1220, 1224 (10th Cir. 1999)); Ramos v. Lamm, 639 F.2d 559, 575 (10th Cir. 1980); Hunt v. Uphoff, 199 F.3d 1220, 1224 (10th Cir. 1999). The "subjective component is met if a prison official knows of and disregards an excessive risk to inmate health or safety." Martinez, 430 F.3d at 1304 (citing Sealock v. Colorado, 218 F.3d 1205, 1209 (10th Cir. 2000)(quotation omitted)); Boyett (citing Farmer, 511 U.S. at 837; see also Estelle v. Gamble, 429 U.S. 97, 106 (1976)). In measuring a prison official's state of mind, "the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm

exists, and he must also draw the inference." Martinez at 1305 (citing Riddle v. Mondragon, 83 F.3d 1197, 1204 (10th Cir. 1996)(quotation omitted)). It follows that an inadvertent failure to provide adequate medical care "fail[s] to establish the requisite culpable state of mind." Estelle, 429 U.S. at 106; Wilson v. Seiter, 501 U.S. 294, 297 (1991). Additionally, in situations where treatment was delayed rather than denied altogether, the inmate is required to show that he suffered "substantial harm" as a result of the delay. Garrett v. Stratman, 254 F.3d 946, 950 (10th Cir. 2001).

The court finds that plaintiff's claims asserted under the Eighth Amendment are subject to being dismissed because he does not allege sufficient facts to plausibly indicate either that he suffered a sufficiently serious injury or that defendants acted with a sufficiently culpable state of mind.

**3. Count III**

Plaintiff alleges no facts whatsoever to support count III in his complaint. Thus, he fails to allege sufficient facts to state a constitutional claim based upon battery by "other guards." In any event, he cannot sue the named defendants for battery by "other guards."

Plaintiff is given time to submit his complaint upon the correct forms. In the correct complaint, he has the opportunity to cure the deficiencies set forth in this order. If he fails to comply within the time allotted, this action may be dismissed

without further notice.

**MOTION FOR COUNSEL**

The court has considered plaintiff's Motion to Appoint Counsel (Doc. 2) and finds it should be denied. There is no entitlement to appointment of counsel in a civil rights action seeking money damages. Having considered the relevant factors, the court finds that the interests of justice would not be served by appointing counsel in this case at this time. Plaintiff's excessive force claim is essentially based upon a single incident, and plaintiff should be able to adequately present the underlying facts. A pro se litigant is expected to present the facts supporting his claim, and is generally not required to provide or discuss legal citations.

**IT IS THEREFORE ORDERED** that plaintiff is granted thirty (30) days from the date of this Order in which to satisfy the filing fee in this case by either paying the fee in full or submitting a properly supported motion to proceed without prepayment of fees upon forms provided by the court.

**IT IS FURTHER ORDERED** that within the same thirty-day period, plaintiff is required to submit his claims upon the proper forms,[2] and in his new complaint to cure the other deficiencies that are discussed herein.

---

[2] Plaintiff must write the number of this case on the first page of his correct complaint. He must also carefully read and follow the form instructions and answer all relevant questions on the forms to the best of his ability. He must also personally sign the new complaint.

**IT IS FURTHER ORDERED** that within the same thirty-day period plaintiff is also required to show cause why this action should not be dismissed because he failed to fully exhaust administrative remedies prior to filing this lawsuit.

**IT IS FURTHER ORDERED** that plaintiff's Motion for Appointment of Counsel (Doc. 2) is denied without prejudice.

**IT IS FURTHER ORDERED** that this action is dismissed and all relief is denied as against defendant State of Kansas based upon its immunity.

The clerk is directed to send plaintiff § 1983 forms and IFP forms.

**IT IS SO ORDERED.**

Dated this 30th day of January, 2012, at Topeka, Kansas.

s/Sam A. Crow
U. S. Senior District Judge